UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Dr. Harry N. Charles, II, # 268775 | ) C/A No. 2:10-1801-MBS-RSC |
|---|---|
| Petitioner, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| Raymond Reed, Warden @ Manning, | ) |
| Respondent. | ) |

The petitioner, Harry N. Charles, II ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In this action, Petitioner seeks immediate absolute release from SCDC. This action should be dismissed because it is an unauthorized successive § 2254 petition.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v.*

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the petitioner had paid the full filing fee, this Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules

governing 2254 and Habeas Corpus cases. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Background

Petitioner alleges that he was convicted of armed robbery (by a guilty plea) and conspiracy (by a jury) during August of 2000 in the Florence County Court of General Sessions. Petitioner alleges that he filed a direct appeal to the South Carolina Court of Appeals and that appeal was dismissed on December 12, 2002. He alleges that he filed a petition for a writ of certiorari to the South Carolina Supreme Court which was denied on June 12, 2003. Petitioner alleges that he filed several actions in the "Court of Common Pleas" seeking a "writ of habeas corpus," but those actions were unsuccessful. Petitioner alleges that on July 10, 2008, he filed another "writ of habeas corpus in the Court of Common Pleas" and that the action is still pending. Petitioner asserts that he filed a "default motion" on August 20, 2008, in the pending habeas action, which was denied by Judge Nettles on October 1, 2008, with a handwritten note "Motion Denied Hearing to be Scheduled on Merits." Petitioner alleges that no hearing has been scheduled in that matter and that his remedy of habeas corpus is being delayed in the state courts. Petitioner appears to request this court for help due to the delay in his state habeas remedy. Petitioner

requests the relief of "[i]mmediate absolute release from the South Carolina Department of Corrections."

Petitioner alleges that his constitutional right to freedom of speech is being denied within the prison. He further alleges that the living conditions at Manning Correctional Institution are unconstitutional.

On February 27, 2007, Petitioner filed a § 2254 habeas action in this court alleging that he was in custody unlawfully based upon the same state criminal convictions for which he is currently incarcerated. *See Charles v. State*, C/A No. 2:07-573-DCN-RSC (the Report and Recommendation entered at Docket Entry # 27).[2] This court recommended that the respondent's motion for summary judgment be granted on the ground that Petitioner did not file his § 2254 petition within the applicable AEDPA one year statute of limitations. *Id*. On August 13, 2007, this district court affirmed the Report and Recommendation and granted the respondent's motion for summary judgment. *Id*. (at Docket Entry # 30). Petitioner filed an appeal to the United States Fourth Circuit Court of Appeals, and that Court denied the certificate of appealability and

---

2) It is appropriate for this District Court to take judicial notice of the plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

dismissed the appeal on February 6, 2008. *Id.* (at Docket Entry # 37-38).

## Discussion

Not every numerically second petition is a "successive" petition within the meaning of the AEDPA. *See Griffin v. Padula*, 518 F. Supp. 2d 680, 687 (D.S.C. 2007). A petition is successive when the prior petition is adjudicated on the merits. *Id.* A petition's dismissal based upon the one-year AEDPA statute of limitations is an adjudication on the merits that results in subsequent § 2254 petitions being designated as successive. *Id. See also In re Williams*, 444 F.3d 233 (4th Cir. 2006). This action should be dismissed because it is successive to Petitioner's first § 2254 action which was adjudicated on the merits, and it appears that Petitioner has not received permission from the Court of Appeals for the Fourth Circuit to file this action in this district court. "Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153.

5

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See* Felker v. Turpin, 518 U.S. 651, [657] (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d at 1194 (footnote omitted).

The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

In order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit.[3] Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within petition in the district court, this Court does not have jurisdiction to consider it. *Cf. United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *In re Williams*, 444 F.3d 233, 237 (4th Cir. 2006).

Notably, the fact that Petitioner alleges that he seeks help from this court due to the inordinate delay in his state court proceedings does not alter the true underlying nature of this proceeding that he seeks to vacate his state criminal convictions and sentence for an immediate release from SCDC. Therefore, even if there has been an inordinate delay[4] in the July 10, 2008, "writ

---

3) Patricia S. Conner, Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, VA, 23219-3517.

4) This court is expressly not making a finding on whether there has been an inordinate delay in the state proceeding.

of habeas corpus in the Court of Common Pleas," this court is without jurisdiction to consider this successive § 2254 petition.

Lastly, this court gives no consideration to Petitioner's allegations of unconstitutional prison conditions. Those allegations are not appropriate for a habeas petition which is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). On the same day this habeas action was filed, Petitioner filed a § 1983 civil rights complaint raising similar concerns about his prison conditions. *See Charles v. Ozmint*, C/A No. 2:10-1800-MBS-RSC. Thus, his prison condition allegations will be considered in that civil action.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the petition in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner).

July __28__, 2010  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).